UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY G. TAYLOR,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-126-HAB-SLC

ST. JOESPH COUNTY JAIL and
MEDICAL STAFF,

    Defendants.

## OPINION AND ORDER

Rodney G. Taylor, a prisoner without a lawyer, filed a complaint about the medical care he received at the St. Joseph County Jail. ECF 1. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, Taylor admits in his complaint that he did not file a grievance at the jail before filing suit. This means that his complaint must be dismissed because a prisoner is required to exhaust all available administrative remedies before filing a lawsuit. *See* 42 U.S.C. § 1997e(a). It is frivolous to sue without first exhausting.

In his complaint, which he signed under penalty of perjury, Taylor stated that he did not file a grievance because he "feel[s] like this is way more serious than just a grievance." ECF 1 at 4. In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison

or jail conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is designed to provide the institution with notice of a problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). There is no futility exception to the exhaustion requirement; exhaustion is mandatory "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (holding that exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." (citations and quotation marks omitted)). Taylor's belief that this matter is too serious for the grievance process does not excuse his decision not to file a grievance.

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

2

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Taylor did not exhaust his administrative remedies before he filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED on February 14, 2024.

                                              s/Holly A. Brady
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT